Singh v. Garland

BIA
Wright, IJ
A205 585 539

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

LOVEPREET SINGH,
> *Petitioner,*

v.                                                          **22-6069**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Heena Arora, Law Offices of Heena Arora, P.C., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lovepreet Singh, a native and citizen of India, seeks review of a January 21, 2022, decision of the Board of Immigration Appeals ("BIA") affirming a December 5, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lovepreet Singh*, No. A205 585 539 (B.I.A. Jan. 21, 2022), *aff'g* No. A205 585 539 (Immig. Ct. N.Y. City Dec. 5, 2017). We assume the parties' familiarity with the case.

We have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 523 (2d Cir. 2007); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative

2

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. As discussed below, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166 ("Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a

reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (quotation marks omitted)).

**A.    Inconsistencies**

Singh alleged that members of the Congress Party assaulted him because of his support for the Shiromani Akali Dal (Amritsar) Party ("SADA"), and that his father had also suffered persecution.    The agency reasonably relied on inconsistencies among Singh's written and oral statements and documentary evidence in finding that Singh was not credible.    *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Singh submitted an affidavit from the SADA district president, which stated that Singh had been detained and tortured by the police following a second attack by Congress Party members.    But Singh did not allege such detention and torture in his oral or written statements.    He argues that the agency erred in relying on this inconsistency without first giving him an opportunity to explain it.    The IJ, however, is not required to solicit explanations for "dramatic" inconsistencies. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 114 (2d Cir. 2006).    And Singh did not provide an explanation for the inconsistency on appeal to the BIA or in his brief here.

Second, Singh's application and testimony reflect two minor inconsistencies

4

regarding when he ended his employment in India and how he was beaten or injured during an assault. His application indicated that he stopped working in August 2012, but he testified that he stopped farming in December 2011 and continued working elsewhere until he left India in January 2013. And when questioned about his injuries after an attack, he initially stated he was struck on his back, but later stated he was struck on his legs and back. While these inconsistencies may be minor, an IJ may consider the "cumulative effect" of even minor or tangential inconsistencies. *See Hong Fei Gao*, 891 F.3d at 77 (citation omitted).

## B. Omissions

The IJ also reasonably relied on omissions in finding that Singh was not credible. First, Singh's initial statement and corroborating evidence omitted his allegation that his father was arrested in 2014. Singh's affidavit, application, and supporting affidavits, including an affidavit from his father, do not mention his father's arrest. Singh did not mention his father's arrest during his direct testimony. But on cross-examination, Singh testified that his father was arrested in 2014, but then could not identify when during 2014, give any reason for the arrest, or clarify when his father told him about the arrest. The agency was not

5

compelled to accept his explanation—that Singh's father did not include the arrest in his affidavit because Singh instructed him to discuss only Singh and his brother—as Singh's father discusses his own political activities and alleged persecution throughout his affidavit. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Although "omissions are less probative of credibility than inconsistencies," an IJ may rely on omissions but, when "assessing the probative value of the omission . . . , an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78–79. The IJ's decision reflects such an assessment: given the inclusion of other information about Singh's father's political activities and problems with the Congress Party, the IJ reasonably found it "suspicious" that neither Singh nor his father included his 2014 arrest in their affidavits. Certified Administrative Record at 51.

Second, Singh testified that the attackers broke the car windshield during the first attack, that his father required medical attention after the first attack, and

6

that people looked for Singh after he left India, but Singh did not include these facts in his application or affidavits, and they are not mentioned in any supporting affidavit or in his brother's testimony. Again, the agency was not required to accept Singh's explanation that he instructed his father to include or omit specific information given that the missing information related to the events set forth in his father's affidavit. *See Hong Fei Gao*, 891 F.3d at 78–79.

## C. Documentary Evidence

Finally, the agency did not err in finding that Singh's documentary evidence failed to rehabilitate his claim. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As noted above, Singh's father's letter omitted key facts and the SADA district president's letter was inconsistent with Singh's own statements.

Taken together, the inconsistencies and omissions provide substantial evidence for the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple

7

inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>